## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

DAVID M. SPELLBERG,

    *Plaintiff,*

vs.

NEW YORK LIFE
INSURANCE COMPANY,

    *Defendant.*

_____/

## COMPLAINT

Plaintiff, David M. Spellberg ("Plaintiff" or "Spellberg"), sues Defendant, New York Life Insurance Company ("Defendant" or "NYL"), as follows:

### PARTIES, JURISDICTION AND VENUE

1.    This is a breach of contract action seeking benefits due under a policy of individual disability insurance covering Spellberg's business expenses.

2.    The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

3.    Spellberg was, at all times material to this action, a citizen and resident of Collier County, Florida, and is in all respects *sui juris*.

4.    Defendant NYL is a foreign corporation doing business in Florida.

5.    The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

6.    Venue is proper in this district because the contracts of insurance between

the parties were entered into in this district and the breach of contract occurred while Spellberg was a resident of this district.

## COMMON ALLEGATIONS

7.      NYL issued an Office Overhead Expense Insurance policy to Spellberg, identified as Policy No. G-29002-1 AH, effective May 1, 2004 ("the Policy"). A copy of the Policy is attached as Exhibit A.

8.      The Policy pays a benefit for Spellberg's covered business expenses during a period of disability.

9.      The Policy defines a "Covered Expense" as "an Eligible Expense which an Insured Member incurs while insured under the Policy and while Totally Disabled, if such expense is:  (a) outlined in the Eligible Expenses section; (b) not excluded in the Exclusions section; (c) a normal and customary expense of the Insured Member; and (d) generally accepted as tax deductible by the Internal Revenue Service."

10.     The Policy defines Eligible Expenses to include Spellberg's share of such expenses if he "is a joint occupant of an office."

11.     The Policy does not require Spellberg to own a business in order to incur covered expenses.

12.     The Policy defines Total Disability as "an incapacity from an injury or sickness which:  (a) is not outlined in the Exclusions section on the Office Overhead Expense pages; (b) an INSURED MEMBER suffers while insured under the Policy; and (c) completely and continuously prevents an INSURED MEMBER from doing the

2

material and substantial duties of his or her surgical or medical specialty or primary occupation.

13.    The Policy's waiting period requires Spellberg to be continuously disabled for thirty (30) days before benefits become payable.

14.    Spellberg was injured in a motor vehicle accident in or about September 2009.

15.    Spellberg's condition deteriorated, and he eventually underwent back surgery in July 2012 to address injuries he sustained in the September 2009 accident.

16.    Spellberg, a successful practicing urologist, became unable to perform the duties of his occupation following the July 2012 back surgery.  His last day of work was July 3, 2012.

17.    At the time of his disability, Spellberg was in practice with a group of physicians employed by 21st Century Oncology, LLC ("21st Century").

18.    Spellberg's Employment Agreement with 21st Century expressly imposed upon him an obligation to incur the expenses of his practice, which expenses were deducted from the revenue he generated as an element of his compensation.

19.    While he was out on disability, Spellberg's office staff continued to operate through March 2013, and Spellberg continued to generate revenue and incur expenses.

20.    21st Century applied Dr. Spellberg's incoming revenue to pay his ongoing business expenses.

21.    Spellberg timely submitted a claim to NYL under the Policy for the

3

business expenses he continued to incur while disabled.

22.     Spellberg supplied NYL with statements demonstrating that 21st Century was applying the revenues generated by his office to pay his continuing business expenses.

23.     NYL nevertheless denied Spellberg's claim, contending that he did not "incur" covered expenses because he was employed by 21st Century and did not own his practice.

24.     NYL did not deny that Spellberg met the Policy's definition of Total Disability as of July 5, 2012.

25.     NYL never identified any policy language requiring Spellberg to own his practice in order to incur covered expenses, nor any legal authority supporting its decision, thereby failing to provide Spellberg a reasonable, written explanation for its claim decision in violation of Fla. Stat. §626.9541(1)(i)3d.

26.     NYL misrepresented the terms of its Policy, in violation of Fla. Stat. §626.9541(1)(i)3b, by creating a non-existent ownership requirement to defeat coverage.

27.     On or about February 15, 2013, Spellberg, through counsel, filed a Civil Remedy Notice of Insurer Violations with the Florida Department of Financial Services to address these statutory violations, amongst others.

28.     NYL failed to cure its statutory violations within the sixty (60) day safe harbor period provided under Fla. Stat. §624.155.

## COUNT I – BREACH OF CONTRACT

29.     Spellberg incorporates Paragraphs 1 through 28 as if fully set forth herein.

4

30.     The Policy is a binding and enforceable insurance contract under the laws of the State of Florida, and was in force at the time Spellberg became disabled from his occupation.

31.     Spellberg made timely payment of all premiums and complied with all conditions precedent to continuous coverage under the policies.

32.     NYL, through the acts of its agents, servants, and/or employees, breached the insurance contract by denying Spellberg's claim and refusing to pay benefits owed.

33.     As a direct, foreseeable, and proximate result of NYL's breach, Spellberg has suffered and continues to suffer damages.

34.     As a direct, foreseeable, and proximate result of NYL's breach, Spellberg has employed undersigned counsel to represent his interests and is obligated to for the payment of their reasonable fees.

WHEREFORE, Plaintiff David Spellberg, demands judgment against Defendant New York Life Insurance Company for damages, pre-judgment and post-judgment interest, attorneys' fees pursuant to Fla. Stat. § 627.428, costs, and any other relief this Court deems equitable, just and proper, all in excess of $75,000.

## COUNT II – STATUTORY BAD FAITH
### (FLA. STAT. §624.155)

35.     Spellberg incorporates Paragraphs 1 through 34 as if fully set forth herein.

36.     Spellberg stands prepared to abate this cause of action and will not seek discovery related to this bad faith claim pending resolution of the underlying breach of contract action alleged in Count I.

37.     As a result of the foregoing allegations, whether taken separately or

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131    PHONE (305) 577-3996    FAX (305) 577-3558

together, NYL has:

    (a) not attempted in good faith to settle Spellberg's claim when, under all the circumstances, it could and should have done so, had it acted fairly, honestly and with due regard for Spellberg's interests;

    (b) made material misrepresentations to Spellberg for the purpose and with the intent of effecting settlement of such claims, loss, or damage under the Policy on less favorable terms than those provided in, and contemplated by, the Policy;

    (c) failed to adopt and implement standards for the proper investigation of claims;

    (d) misrepresented pertinent facts or insurance policy provisions relating to the coverage at issue;

    (e) failed to acknowledge and act promptly upon communications with respect to Spellberg's claim;

    (f) denied Spellberg's claim without conducting reasonable investigations based upon available information;

    (g) failed to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement.

    37.    The acts complained of herein constituted Defendants' general business practices, in that such acts:  (a) were expressions of, and in compliance with, standard company practices and procedures; (b) are said by Defendants to be in conformity with what it contends are standard and good faith claims practices, and, consequently or incidentally; (c) occur with such frequency as to indicate general business practices.

    38.    Defendants' actions throughout its conduct of the claim investigation in this case have been in reckless disregard for the rights of its insureds.

    39.    The provisions of Fla. Stat. § 624.155(4)'s cost bond requirement are

6

procedural in nature, as that expression is defined in federal caselaw, and are therefore inapplicable to this action.

40.     As a direct, foreseeable, and proximate result of NYL's breach, Spellberg has employed undersigned counsel to represent his interests and is obligated to for the payment of their reasonable fees.

WHEREFORE, Plaintiff David Spellberg, demands judgment against Defendant New York Life Insurance Company for compensatory and punitive damages, pre-judgment and post-judgment interest, attorneys' fees pursuant to Fla. Stat. § 624.155, costs, and any other relief this Court deems equitable, just and proper, all in excess of $75,000.

## JURY DEMAND

Spellberg demands trial by jury of all issues so triable as a matter of right.

Dated this 25th day of September, 2013.

Respectfully submitted,

s/ Brenton N. Ver Ploeg
**Brenton N. Ver Ploeg**
Florida Bar No. 171470
**Benjamin C Hassebrock**
Florida Bar No. 76504
*Counsel for Plaintiff*
**VER PLOEG & LUMPKIN, P.A.**
100 S.E. Second Street, 30th Floor
Miami, FL  33131
Telephone:  (305) 577-3996
Facsimile:  (305) 577 3558
bverploeg@vpl-law.com
bhassebrock@vpl-law.com