UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID M. SPELLBERG,

       Plaintiff,

v.                                Case No:  2:13-cv-691-FtM-29CM

NEW YORK LIFE INSURANCE
COMPANY,

       Defendant.

_____

## ORDER

Before the Court is Defendant New York Life Insurance Company's ("New York Life") Motion to Compel and for Sanctions (Doc. 31, "Motion to Compel") and Plaintiff's Response in Opposition (Doc. 35).   New York Life moves to compel Plaintiff to provide full and complete responses to its Second Set of Interrogatories and to produce documents responsive to New York Life's Third Requests for Production.   For the reasons set forth below, the Motion to Compel is granted in part and denied in part, and the request for sanctions is granted as to entitlement.

## I.   Background

Plaintiff, a retired urologist, brings one count for breach of contract, specifically the breach of a Group Office Overhead Expense Insurance Policy to the Trustees of the American College of Surgeons Trust ("Policy") issued by New York Life.   From January 4, 2010 through the claim period at issue, Plaintiff was an employee of 21st Century Oncology, LLC ("21st Century").   The Policy provided coverage for covered office overhead expenses (as defined in the Policy) incurred by an insured member

during a period of total disability.   Plaintiff, an insured member, alleges he was totally disabled from July 2012 through December 2012, while insured under the Policy.[1]   Because there is a 30-day waiting period under the terms of the Policy, Plaintiff filed a claim with New York Life for five months of overhead expenses up to the $20,000 per month cap, for a total claim of $100,000.

New York Life denied the claim, taking the position that the overhead expenses were incurred during the claim period by 21st Century pursuant to the express terms of Plaintiff's written employment agreement (Doc. 31-2), not by Plaintiff.   Plaintiff alleges that he paid his monthly overhead expenses from the revenue generated by his office and was entitled to receive any remaining revenue as compensation.   Doc. 9 at ¶ 22.

New York Life served interrogatories and requests for production of documents, seeking information and documentation regarding the specific expenses Plaintiff alleges to have incurred as part of his claim and who paid each expense, itemized on a monthly basis.   Plaintiff argues that it has already produced the information and the documents requested and is not required to produce the information in an itemized fashion.   The Court will consider each request in turn.

---

[1] Plaintiff alleges that he became totally disabled and stopped working on July 3, 2012, but that from July 3, 2012 through December 31, 2012, his staff continued operations and his office continued to generate revenue and incur overhead expenses.   Doc. 9 at ¶¶ 19, 23.

## II.    Analysis

### a.    New York Life's Second Set of Interrogatories

On June 4, 2014, New York Life served its Second Set of Interrogatories, to which Plaintiff responded on July 11, 2014.   Defendant advised Plaintiff that his responses were incomplete and in violation of the Federal Rules of Civil Procedure. After numerous communications between counsel, Plaintiff served verified responses on August 25, 2014, after he had been afforded several extensions.   New York Life alleges that Plaintiff's responses still are incomplete.

> **Interrogatory No. 1**:   On a month to month basis, identify and describe in detail the Covered Expenses (as defined by the Policy) you claim to have incurred as part of your claim in this case.

> **Response**: Dr. Spellberg has produced documents responsive to this interrogatory pursuant to Fed. R. Civ. P. 33(d).   The 2012 profit and loss statement for his practice, identified as Spellberg 000001, contains information concerning the expenses charged to Dr. Spellberg on a monthly basis for the period that his practice continued to operate while he was disabled.   In addition, 21st Century Oncology, LLC ("21st Century") has supplied the enclosed summary of monthly payroll expenses charged to Dr. Spellberg for the relevant time period.   Dr. Spellberg's base salary, though included in this summary, is not included in his claimed expenses.   The remainder of the payroll expenses are covered and exhaust the Policy's maximum monthly benefit in each month of continued operations during his disability.

> To the extent Defendant seeks more detailed information, Dr. Spellberg objects to this interrogatory as duplicative, unduly burdensome and harassing. Documents identifying Dr. Spellberg's Covered Expenses were produced for purposes of Defendant's purported claim investigation and are contained within its file. Defendant is in the business of selling business overhead expense policies and has an obligation under Florida law to employ individuals equipped to fairly and promptly analyze such financial data in evaluating claims for payment.   Additional detail, though not warranted, is available from 21st Century employees with knowledge concerning Dr. Spellberg's expenses.

**Interrogatory No. 2**:   On a month by month basis, identify and describe in detail the documents that constitute, discuss, or refer to each alleged Covered Expense and payment of the Covered Expenses you claim to have incurred as part of your claim in this case.

**Response**:   See Response to Interrogatory No. 1.

New York Life argues that in order to obtain benefits pursuant to the terms of the Policy, Plaintiff must prove that he incurred covered expenses during the claim period.   The Policy defines "covered expense" as follows:

> A Covered Expense is an Eligible Expense which an INSURED MEMBER incurs while insured under the Policy and while TOTALLY DISABLED, if such expense is: (a) outlined in the Eligible Expense section; (b) not excluded in the Exclusions section; (c) a normal and customary expense of the INSURED MEMBER; and (d) generally accepted as tax deductible by the Internal Revenue Service.

Doc. 31-1 at 6.   The Policy then defines and lists Eligible Expenses, and identifies several excluded expenses.   An "eligible expense" is defined as:

> The following expenses are Eligible Expenses only to the extent outlined below.   If the INSURED MEMBER is a joint occupant of an office, has partners or is a member of a professional corporation, Eligible Expenses are limited to his or her share of such expenses.

*Id.*   Based upon this Policy language, New York Life asserts that Plaintiff is required to prove the precise amount of expenses he incurred each month during the claim period, itemized on a month by month basis.   Plaintiff responds that this information has been provided, including his practice's 2012 profit and loss statement (Doc. 31-5) and a detailed payroll statement (Doc. 31-4).   New York Life states that these documents do not provide detailed information for each expense on a month by month

basis, and Plaintiff's failure to provide this information has prejudiced Defendant's ability to prepare for depositions and trial.

New York Life is entitled to this basic information which goes to the essence of Plaintiff's breach of contract claim.   Although Plaintiff alleges that he has provided a list of expenses via the 2012 profit and loss statement, it is not clear from the statement that each expense in the statement is a "covered expense" as defined by the Policy.   New York Life is entitled to know exactly which expenses on a monthly basis are included in Plaintiff's claim.   Pursuant to the Policy, Plaintiff has the burden of providing proof in support of his claim.   Thus, the request to compel Interrogatories Nos. 1 and 2 are granted.

> **Interrogatory No. 3**:   On a month by month basis, for each alleged payment of a Covered Expense that forms the basis of your claim in this case, identify who issued the check for the payment of such Covered Expense.
>
> **Response**:   Dr. Spellberg believes that 21st Century Oncology, LLC issued checks for his Covered Expenses.

New York Life argues that Plaintiff's response is vague and ambiguous and Plaintiff should know who made the payments and should be ordered to respond without qualification.   Plaintiff responds that he accurately stated his belief and because he did not personally write the checks he does not have personal knowledge about whether checks were written for each expense or who issued them.   The Court accepts Plaintiff's response.   Further information on this issue may be obtained by New York Life through other means of discovery such as Plaintiff's deposition or via 21st Century.   The Motion to Compel Interrogatory No. 3 is denied.

**Interrogatory No. 4**:  Did you deduct any of the Covered Expenses you claimed to have incurred as part of your claim in this case on any federal or state tax returns?  For each alleged Covered Expense, discuss in detail why you did or did not deduct such Covered Expenses on any federal or state tax return.

**Response**: No response provided.

Plaintiff informs the Court that he inadvertently omitted Interrogatory No. 4 from his answers and will provide a complete response to New York Life within 3 days of the filing of his response brief, which should have been done by now.   Thus, the Motion to Compel Interrogatory No. 4 is denied as moot.

### b.   New York Life's Third Request for Production

New York Life also served its Third Request for Production on June 4, 2014, seeking documents corresponding to Plaintiff's interrogatory responses.   Doc. 31-6. On July 11, 2014, Plaintiff served his responses.   Doc. 31-7.   New York Life argues that his responses are deficient because they raise unfounded objections and fail to provide any responsive documents, and Plaintiff has not supplemented or amended his responses.

**Request No. 1**:   All documents identified in your responses to Defendant New York Life's Second Set of Interrogatories.   Please categorize these documents on a month by month basis for each month which you allegedly incurred the Covered Expenses that form the basis of this case.

**Response**:   Plaintiff has produced or is producing all responsive documents and objects to the extent this request is vague or ambiguous, duplicative, unduly burdensome and harassing.   Documents identifying Dr. Spellberg's Covered Expenses are based upon information obtained from 21st Century Oncology, LLC.   It is reported on the already produced profit and loss statements for Dr. Spellberg's practice and is labeled by month and year.   Defendant is in the business of selling overhead expense policies, and has an obligation under Florida

law to employ individuals equipped to fairly and promptly analyze such financial data for purposes of its claim handling.

New York Life asserts that Plaintiff has not produced any documents responsive to this request; rather, Plaintiff points Defendant to the 2012 profit and loss statement, which does not provide the detailed information New York Life needs to analyze each claimed expense.  Plaintiff responds that he has no additional documents responsive to this request and has advised New York Life that the information it seeks has either been produced in conjunction with his claim or may be available from 21st Century.

Because the Court has granted the Motion to Compel with respect to Interrogatories Nos. 1 and 2, Plaintiff shall produce any additional documents identified in its amended responses to the interrogatories, categorizing the documents on a month by month basis.  Thus, the Motion to Compel Request No. 1 is granted.

> **Request No. 2**:  All documents that constitute, discuss, or refer to the payment of each alleged Covered Expense that forms the basis of this case.  Please categorize these documents on a month by month basis for each month which you allegedly incurred the Covered Expenses that form the basis of this case.
>
> **Response**:  Plaintiff has produced or is producing all responsive documents and objects to the extent this request is vague or ambiguous, duplicative, unduly burdensome and harassing.  Documents identifying Dr. Spellberg's Covered Expenses are based upon information obtained from 21st Century Oncology, LLC.  It is reported on the already produced profit and loss statements for Dr. Spellberg's practice and is labeled by month and year.  Defendant is in the business of selling overhead expense policies, and has an obligation under Florida law to employ individuals equipped to fairly and promptly analyze such financial data for purposes of its claim handling.

New York Life asserts that Plaintiff has not produced any documents responsive to this request, arguing that it is entitled to know who paid for each covered expense at issue.   Plaintiff responds that he agreed to produce, and did produce, all non-privileged documents responsive to this request and states that he has no additional responsive documents.

For the same reasons as the Court has granted the Motion to Compel with respect to Interrogatories Nos. 1 and 2, Plaintiff shall produce any additional documents identified in its amended responses to the interrogatories, categorizing the documents on a month by month basis.   Thus, the Motion to Compel Request No. 2 is granted.

> **Request No. 3**:  All documents that constitute, discuss, or refer to the checks that were issued for payment of each alleged Covered Expense that forms the basis of this case.   Please categorize these documents on a month by month basis for each month which you allegedly incurred the Covered Expenses that form the basis of this case.

> **Response**:  None.

New York Life argues that this response is deficient for the same reasons as Request No. 2.   Plaintiff responds that he has no responsive documents because it is Plaintiff's belief, as stated in response to Interrogatory No. 3, that 21st Century issued checks for the payment of each covered expense, which is where New York Life should seek to obtain this information from.

As discussed with regard to Interrogatory No. 3, Plaintiff has represented that he did not issue checks for covered expenses.   Thus, further information on this issue

may be obtained by New York Life through other means of discovery.   The Motion to Compel is denied as to Request No. 3.

### III.   Request for Sanctions

New York Life requests that the Court sanction Plaintiff by awarding Defendant its reasonable expenses, including attorney's fees, incurred in bringing the Motion to Compel because there is no justification for Plaintiff's failure to itemize the expenses that form the basis of his claim.   Pursuant to Federal Rule 37, if a motion to compel is granted, the Court must require the party that necessitated the motion to pay the movant's reasonable attorney's fees.   Fed. R. Civ. P. 37(a)(5)(A).   A court must not award fees and costs, however, if the opposing party's nondisclosure, response or objection was substantially justified or other circumstances make an award of expenses unjust.   *Id.*

In this case, the Court finds that Plaintiff was not substantially justified in his position when responding to Defendant's discovery requests.   Identifying which expense are "covered expenses" as defined by the Policy is basic information and goes to the heart of Plaintiff's claim for breach of contract.   Defendant is clearly entitled to this information in order to defend this case.   Although Plaintiff argues that he already provided this information via the 2012 profit and loss statement and payroll records, it is not for Defendant to guess which expenses Plaintiff is including in his claim.   The Court further notes that Plaintiff's incomplete responses came after counsel had numerous conversations regarding the deficiencies and Plaintiff had been afforded extensions of time to respond.   This is time which could have been

spent compiling the claims information requested.   Therefore, the Court finds that Defendant is entitled to its reasonable expenses incurred in making the Motion, including attorney's fees.   The Court will allow the parties an opportunity to brief the issue of reasonableness as to the amount.   Thus, Defendant shall file a motion to determine quantum of the fee award with exhibits in support, to which Plaintiff may respond.   Counsel are reminded of the requirement to meet and confer regarding the motion prior to its filing in compliance with Local Rule 3.01(g).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Defendant New York Life's Motion to Compel and for Sanctions (Doc. 31) is **GRANTED in part and DENIED in part**.

2.   The Motion to Compel is **GRANTED** with respect to Interrogatories Nos. 1 and 2 and Requests Nos. 1 and 2; and otherwise **DENIED**.

3.   Defendant's request for sanctions is **GRANTED** as to entitlement.   Defendant shall have up to and including **October 14, 2014** to file a motion to determine quantum of the fee award with exhibits in support, to which Plaintiff may respond on or before **October 28, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of October, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record