```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

DAVID M. SPELLBERG,

      Plaintiff,

v.                                    Case No: 2:13-cv-691-FtM-29CM

NEW YORK LIFE INSURANCE COMPANY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Strike Affirmative Defenses (Doc. #29) filed on July 30, 2014. Defendant filed an Opposition (Doc. #30) on August 18, 2014. Plaintiff seeks to strike the affirmative defenses set forth in paragraphs 40 (unnumbered defense), 44 (Fourth Defense), 45 (Fifth Defense), and 46 (Sixth Defense) of defendant's Amended Answer and Defenses to Amended Complaint (Doc. #25) pursuant to Fed. R. Civ. P. 12(f).  On October 29, 2014, defendant filed a Notice of Withdrawing Affirmative Defenses (Doc. #46) withdrawing the Fifth Defense in paragraph 45.  Therefore, the motion will be denied as moot with regard to paragraph 45.

    **I.**   **Background**

David M. Spellberg (plaintiff or Dr. Spellberg) filed a one count Amended Complaint (Doc. #9) against New York Life Insurance Company (defendant or New York Life) for breach of contract.  The

Amended Complaint alleged that in May 2004, New York Life issued a Group Office Overhead Expense Insurance Policy to the Trustees of the American College of Surgeons Insurance Trust (the Policy). Dr. Spellberg, a practicing urologist, purchased coverage through the Trustees, and asserts that at all material times he was eligible to receive benefits as an Insured Member under the Policy. Dr. Spellberg received a Certificate summarizing the terms of the Policy, including defendant's obligation to pay Covered Expenses he incurred during a period of Total Disability, as those terms are defined in the Policy.

In September 2009, Dr. Spellberg injured his back in a motor vehicle accident, but continued his full-time practice; however, his back condition deteriorated.  In July 2012, Dr. Spellberg underwent back surgery, following which he was unable to perform his duties as a urologist through December 31, 2012.  At the time of this disability, Dr. Spellberg was employed by 21st Century Oncology pursuant to an Employment Agreement.  Dr. Spellberg alleges that the Employment Agreement required him to pay all monthly overhead expenses incurred by his practice, which he paid from revenue generated by the office; any remaining revenue was retained by Dr. Spellberg as compensation.  During his disability period, Dr. Spellberg's staff continued operations and the office continued to generate revenue.

Dr. Spellberg alleges that because he incurred and paid Covered Expenses within the meaning of the Policy, he submitted a claim to New York Life for the overhead expenses incurred while disabled. New York Life denied the claim, asserting that he did not "incur" Covered Expenses because he was employed by 21st Century and did not own his own practice. Dr. Spellberg asserts that he was entitled to receive payments under the Policy for the Covered Expenses he incurred during his period of disability; that New York Life breached the insurance contract by denying his claims and refusing to pay; and that he was damaged as a result.

## II. Standard of Review

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties. <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

An affirmative defense has been defined variously. "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." <u>Wright v. Southland Corp.</u>, 187 F.3d 1287, 1303 (11th Cir. 1999). An affirmative defense is "a response to a plaintiff's claim which attacks the

plaintiff's legal right to bring an action." American First Fed., Inc. v. Lake Forest Park, Inc., 198 F.3d 1259, 1264 (11th Cir. 1999) (citation omitted). "An affirmative defense has been described as any matter that does not tend to controvert the opposing party's prima facie case as determined by the applicable substantive law." Hassan v. USPS, 842 F.2d 260, 263 (11th Cir. 1988) (citation omitted). "In determining whether a particular argument is an affirmative defense, courts consider the logical relationship between the defense and the cause of action, and the likelihood that the plaintiff will be unfairly surprised if the defense does not appear in the pleadings." Id.

Affirmative defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). As with any pleading, an affirmative defense must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and state a plausible defense, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

### III. Application to Defenses At Issue

Dr. Spellberg asserts that New York Life denied benefits solely on the theory that he did not "incur" any Covered Expenses, and that defendant is now raising two new defenses for the denial

of coverage which are untimely, conclusory, and prejudicial because they were not previously disclosed. The Court WILL address each contested paragraph.

### 1. Paragraph 40

Paragraph 40 states: "New York Life asserts the following defenses to the cause of action alleged in the Amended Complaint. In addition, New York Life relies on the entire Policy in defense of Plaintiff's claim, including the following express language of the Policy: [quoting Covered Expense, Eligible Expenses, Other Normal and Customary Fixed Expenses, Exclusions, Personal Expenses, Professional Services, Purchases, For the Benefit To Be Paid, What Benefit Is Payable, Total Disability portions of the Policy]". It does not appear that Paragraph 40 is anything other than an introduction and summary of the relevant provisions of the Policy. Nothing in Paragraph 40 qualifies as a freestanding affirmative defense under any of the definitions discussed earlier, and does not appear intended as such. The Court denies the motion to strike this paragraph, but holds that it is not an affirmative defense.

### 2. Paragraph 44

In Paragraph 44, defendant asserts the following "Fourth Defense":

> Plaintiff's claim is excluded by the express terms of the Policy, which exclude from coverage the insured member's salary, fees,

> income taxes, drawing account, or any other remuneration. *See* ¶ 40. Specifically, overhead expenses are part of the computation of Plaintiff's salary. Plaintiffs claim is for reduced salary or remuneration, which is excluded by the Policy.

This is not an actual affirmative defense, but is simply an expanded denial of an element of plaintiff's claim. While plaintiff argues that an insurer may not assert a new basis for denial of a claim, this goes to the merits of the issue and not the sufficiency of the pleading. The Court denies the motion to strike this paragraph, but holds that it is not an affirmative defense.

### 3. Paragraph 46

In Paragraph 46, defendant asserts:

> Plaintiff did not qualify for benefits under the terms of the Policy. New York Life reserves its right to challenge any and all issues related to Plaintiff's eligibility for coverage and whether Plaintiff otherwise complied with the terms of the Policy.

Plaintiff argues that this is a "placeholder" and not a plausible defense because there are no facts alleged to support why he may be ineligible. The Court finds this is not an affirmative defense, but simply a denial of a component of plaintiff's claim and an improper attempt to "reserve" issues in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's Case Management and Scheduling Order. The motion to strike this paragraph is granted.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Strike Affirmative Defenses (Doc. #29) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of December, 2014.

_/s/ John E. Steele_
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record