UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID M. SPELLBERG,

       Plaintiff,

v.                               Case No:  2:13-cv-691-FtM-29CM

NEW YORK LIFE INSURANCE
COMPANY,

       Defendant.

_____

## ORDER

Before the Court is Defendant New York Life's ("New York Life") Amended Motion to Determine Amount of Attorneys' Fees Pursuant to October 1, 2014 Order[1] (Doc. 42), and Plaintiff's Response in Opposition (Doc. 45).   On October 1, 2014, this Court granted in part and denied in part New York Life's Motion to Compel and granted New York Life's request for attorney's fees as to entitlement, finding that Plaintiff was not substantially justified in his position when responding to New York Life's discovery requests.[2]   Doc. 38 at 9-10.   The Court allowed the parties the opportunity to brief the issue of reasonableness as to the amount of attorney's fees. New York Life seeks $4,816.75 in attorneys' fees.[3]   Upon receiving the motion and

---

[1] Defendant submitted an amended motion to add a Local Rule 3.01(g) certificate of good faith.

[2] There were three interrogatories and three requests for production at issue in the Motion to Compel.   The Court granted the motion as to two interrogatories and two requests for production.   Doc. 38.

[3] Plaintiff argues in opposition that New York Life is not entitled to attorney's fees.

response, the Court found that New York Life had failed to submit any invoices, time sheets, or detailed time entries in support of the number of hours expended; thus, the Court was unable to determine at that time whether the work was necessary, redundant, or otherwise reasonable expended.   Doc. 56 at 2.    Thus, the Court deferred ruling on the motion to allow New York Life time to supplement its request with the appropriate details of the time expended.   *Id.*   New York Life filed a Supplemental Declaration of attorney Charles Wachter in support of its fee request, and attached invoices in support (Docs. 57, 57-1, 57-2), to which Plaintiff responded (Doc. 59).   For the reasons stated herein, the Court awards New York Life $1,821.25 in attorney's fees.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and a "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).   In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board.   *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The court must exclude hours that were not reasonably expended and hours that are redundant, excessive, or otherwise unnecessary.   *Hensley*, 461 U.S. at 434.   The party requesting the fee should submit documentation in support of the request.   *Id.*

---

Doc. 45.   The Court has already determined entitlement, and will not revisit the issue.

at 433.   If the documentation in support of the request is inadequate, the court may reduce the award accordingly.   *Id.*

In support of its request, New York Life submitted a Declaration of Counsel Charles Wachter ("Declaration").   Doc. 42-1.   The attorneys' fees and hours New York Life claims it incurred in meeting and conferring with opposing counsel and preparing and filing the motion to compel are as follows:

| Attorney[4] | Hours | Hourly Rate | Amount | Discount (10%)[5] | Discounted Amount |
|---|---|---|---|---|---|
| Charles Wachter, Partner | 6.5 | $425.00 | $2,762.50 | ($276.25) | $2,485.75 |
| Lauren Rehm, Associate | 14.8 | $175.00 | $2,590.00 | ($259.00) | $2,331,00 |
| **TOTAL** | 21.3 | | | | $4,816.75 |

### Reasonable Hourly Rate

The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community.   *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).   *See also Norman*, 836 F.2d at 1299 (defining a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation").   The prevailing market rate in this case is Fort Myers, Florida, or the surrounding counties in the Fort Myers Division of the Middle District of Florida.   *See Olesen-*

---

[4] The attorneys are in the Tampa office of the Holland & Knight, LLP law firm.

[5] New York Life pays its attorney's fees at an hourly rate, less a 10% discount.   Doc. 42-1 at ¶ 9.

*Frayne v. Olesen*, 2:09-cv-49-FtM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009).

In this case, New York Life seeks an hourly rate of $425.00 for Mr. Wachter. In support, the Declaration sets forth Mr. Wachter's background and experience. Mr. Wachter states that his hourly rate is reasonable based on the customary rates charged for commercial litigation in the Middle District of Florida and his knowledge and experience in practicing law for 29 years.   The Court finds that although Mr. Wachter practices in Tampa, which is within the Middle District of Florida, the relevant market is Fort Myers.   "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).   Mr. Wachter's hourly rate considering his experience is not the prevailing rate in the Fort Myers market, however, Mr. Wachter has practiced almost 30 years, and thus the Court concludes that $425.00 per hour is a reasonable rate for Mr. Wachter, and with the 10% discount, his rate is in fact under $400.00.   *See Hamprecht v. Hamprecht*, 2013 WL 115675, at *3-4 (M.D. Fla. Mar. 14, 2013) (finding $400.00 rate for a law firm partner with language skills who had practiced for 15 years to be reasonable for the Fort Myers market).

New York Life seeks an hourly rate of $175.00 for attorney Lauren Rehm.   The Declaration fails to state Ms. Rehm's level of experience or the number of years she has been admitted to practice.   The Court notes that that it previously found that

$125.00 is a reasonable hourly rate for a paralegal in the Fort Myers market.   *Id.* at

*4.   Thus, the Court finds that $175.00 for associate attorney time is reasonable.

<u>Reasonable Number of Hours Expended</u>

An attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel.   *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996) (citing *Norman*, 836 F.2d at 1301). New York Life claims it expended a total of 21.3 hours meeting and conferring with opposing counsel and preparing the Motion to Compel.   Upon review of the invoices, the Court notes that 15.9 hours were spent drafting the motion and 5.4 hours are attributed to counsels' review of discovery responses and communications with opposing counsel or New York Life's representatives prior to preparing the motion. Docs. 57-1, 57-2.   Plaintiff argues that the amount of time expended on review and communications with counsel should be reduced by 50% because a substantial part of the discussions between counsel concerned a stipulation that would have mooted New York's Life's discovery request.   Plaintiff states that New York Life abandoned the parties' negotiations regarding the stipulation in pursuit of filing the motion to compel.   Plaintiff further argues that the fees expended in drafting the motion should be reduced because the motion was only partially successful.

The Court agrees that because New York Life's Motion to Compel was only partially successful, the hours should be reduced.[6]   The Court further finds that the

---

[6] Indeed, Plaintiff informs the Court that after its Order was entered, Plaintiff produced no additional documents because, as it had disclosed, it had no other documents to produce in response to the discovery requests.

issues raised in the Motion to Compel were not particularly complex but presented really only one issue of whether Plaintiff should be required to itemize specific office overhead expenses he claims to have incurred, who paid for each expense, and provide documentation in support.   Doc. 31.   Therefore, the Court agrees that the number of hours attributed to drafting the motion should be reduced.   Overall, the Court finds it appropriate to reduce the number of hours incurred by two-thirds, to 7.25 hours.   The Court will apportion the 7.25 hours between Mr. Wachter and Ms. Rehm based upon the percentage of the 21.3 hours they claim they worked, 30.5% and 69.5%, respectively.   Thus, the Court finds that a reasonable amount of fees for Mr. Wachter would be $939.25 for 2.21 hours at a rate of $425.00 an hour, and $882.00 for Ms. Rehm for 5.04 hours at a rate of $175.00 an hour, for a total of $1,821.25.

Plaintiff's counsel requests that the fee award be issued against him, not the Plaintiff as he assumes responsibility for the discovery responses at issue.   Pursuant to Federal Rule 37, an award may issue against the party who necessitated the motion, the party's attorney who advised of that conduct, the party's law firm, or any combination thereof.   Fed. R. Civ. P. 37(a)(5)(A).   The Court will grant Plaintiff counsel's request and the fee award is issued against New York Life's attorney.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant New York Life's Amended Motion to Determine Amount of Attorneys' Fees Pursuant to October 1, 2014 Order (Doc. 42) is **GRANTED in part and DENIED in part**.   New York Life is awarded **$1,821.25** in attorney's fees.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record